IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PETER R. TIA, #A1013142, | ) NO. 1:12-cv-00625 SOM/BMK |
| Plaintiff, | ) ORDER DENYING *IN FORMA* |
| | ) *PAUPERIS* APPLICATION AND |
| vs. | ) DISMISSING COMPLAINT AND |
| | ) ACTION PURSUANT TO 28 U.S.C. |
| JUDGE LESLIE E. KOBAYASHI, et al., | ) § 1915(g) |
| Defendants. | ) |

## ORDER DENYING *IN FORMA PAUPERIS* APPLICATION AND DISMISSING COMPLAINT AND ACTION PURSUANT TO 28 U.S.C. § 1915(g)

Before the court is *pro se* Plaintiff Peter R. Tia's prisoner civil rights Complaint and *in forma pauperis* ("IFP") application.[1]  Plaintiff complains that Defendants are conspiring to keep him incarcerated and denying him due process. Plaintiff's *in forma pauperis* application is DENIED and this action is DISMISSED without prejudice.

### I.   28 U.S.C. § 1915(g)

A prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* if:

> the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

[1] Plaintiff's *in forma pauperis* application is incomplete and would be denied regardless of his three strikes status under 28 U.S.C. § 1915(g).

28 U.S.C. § 1915(g).

"[Section] 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).  "In some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike."  *Id.* at 1120.

At least three of Plaintiff's prior cases qualify as "strikes" under § 1915(g):

(1) *Tia v. Fujita*, Civ. No. 08-00575 HG (D. Haw. Jan. 27, 2009) (dismissed for failure to state a claim);

(2) *Tia v. Criminal Investigation Demanded*, Civ. No. 10-00383 SOM (D. Haw. Aug. 5, 2010) (dismissed as frivolous and for failure to state a claim); and

(3) *Tia v. Criminal Investigation*, Civ. No. 10-00441 DAE (D. Haw. July 30, 2010) (dismissed as frivolous and for failure to state a claim).[2]

---

[2] This court has notified Plaintiff numerous times about these and his many other strikes. *See, e.g.*, *Tia v. Borges*, 1:12-cv-00158 HG and App. No. 12-16158 (9th Cir. Aug. 9, 2012), ECF #26 ("[T]he district court correctly determined that appellant has had three or more prior actions or appeals dismissed as frivolous, malicious, or for failure to state a claim[.]"); *Tia v. Baker*, 1:11-cv-00098 HG, ECF #20; *Tia v. Doe Defendants as Aggrieved*, 1:11-cv-00352 SOM, ECF #13; *Tia v. Mollway*, 1:11-00421 JMS, ECF #8.

*See* http://pacer.psc.uscourts.gov. (PACER Case Locator). Plaintiff may not bring a civil action without complete prepayment of the $350.00 filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

## II. <u>NO IMMINENT DANGER</u>

To meet the "imminent danger" requirement, the "threat or prison condition [must be] real and proximate," *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (quoting *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002)), and the allegations must be "specific or credible." *Kinnell v. Graves*, 265 F.3d 1125, 1128 (10th Cir. 2001). To decide whether a plaintiff alleges imminent danger of serious physical injury, the court must examine conditions at the time the suit was filed:

> The PLRA provides that a prisoner with three strikes cannot use IFP status to "*bring* a civil action . . . unless the prisoner *is* under imminent danger of serious physical injury." 28 U.S.C. § 1915(g) (emphases added). The exception's use of the present tense, combined with its concern only with the initial act of "bring[ing]" the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint. In other words, the availability of the exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time.

*Andrews v. Cervantes*, 493 F.3d 1047, 1052–53 (9th Cir. 2007) (internal citation omitted). But alleging a plausible, ongoing danger will also satisfy this requirement. *Id.* at 1056 (finding, by example, that "a prisoner who alleges that prison officials

3

continue with a practice that has injured him or others similarly situated in the past" satisfies the ongoing danger standard).

Plaintiff broadly alleges that Defendants are conspiring against him to keep him illegally incarcerated.  In support, he says that the Hawaii Paroling Authority denied his parole, several of his federal actions have been dismissed, the police refuse to provide him the help he desires, he has been denied copies of documents, Defendants have introduced incorrect and fraudulent testimony regarding his body mass index in 1:11-cv-00459 LEK, and the prison's kitchen supervisor has denied him desserts since October 29, 2012.  These allegations do not support a finding that Plaintiff was in imminent danger of serious physical injury when he filed this Complaint.  Plaintiff may not proceed in this action without prepayment of the civil filing fee, pursuant to 28 U.S.C. § 1915(g).

//
//
//
//
//
//
//
//
//

### III.  CONCLUSION

Plaintiff's *in forma pauperis* application is DENIED and his Complaint and action are DISMISSED without prejudice.  If Plaintiff wishes to reassert these claims, he may do so by concurrently submitting the entire $350.00 filing fee when he files the action.  Any pending motions are terminated.  The Clerk of Court shall close the case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, November 26, 2012.



　　　　　　　　　　　　　　　　　　/s/ Susan Oki Mollway
　　　　　　　　　　　　　　　　　　Susan Oki Mollway
　　　　　　　　　　　　　　　　　　Chief United States District Judge

*Tia v. Kobayashi, et al.,* 1:12-cv-00625 SOM/BMK; Order Denying *in Forma Pauperis* Application and Dismissing Complaint and Action Pursuant to 28 U.S.C. § 1915(g); G:\docs\prose attys\3 Strikes Ords & OSCs\DMP\2012\Tia 12-625 som (no imm. dng, consp. to keep him in hcf).wpd